IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARILYN WARD | § | |
| | § | |
| V. | § | A-14-CV-553-LY |
| | § | |
| UNITED STATES DEPT. OF LABOR | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion for Protection Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (Dkt. No.1); Defendant's Response (Dkt. No. 4); and Plaintiff's Reply (Dkt. No. 6). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having reviewed the parties' filings, the entire case file, and the applicable law, the Court enters the following Report and Recommendation.

**I. GENERAL BACKGROUND**

The Employee Benefits Security Administration, Department of Labor ("EBSA") has been investigating the Chimes D.C., Inc. Health and Welfare Benefit Plan (the "Chimes Plan"). The investigation has recently focused on the relationship between FCE Benefit Administrators, Inc. ("FCE"), which is the Chimes Plan's third party administrator, and Marilyn Ward ("Ward"), who formerly served as the Chimes Plan's trustee. In August 2013, the EBSA served subpoenas on several banks that held financial records relating to the Chimes Plan. The EBSA also served a

subpoena on FCE in February 2014.  On February 11, 2014 the EBSA served a subpoena on Ward, seeing various documents related to Ward's services as trustee for the Chimes Plan.

On June 4, 2014, EBSA served a subpoena – which is the subject matter of this action – to Boston Private Bank & Trust ("Bank") ("Subpoena"), requiring the production of certain records in the Bank's possession related to any account in Ward's name.  EBSA contends that it is requesting the information because it is evaluating whether there has been a violation of Title I of the Employee Retirement Income Security Act ("ERISA"), or any regulation or order issued under that Title.

On June 13, 2014, Ward filed this action pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410, seeking to quash the Subpoena.  Ward contends that the Subpoena should be quashed because (1) the information requested has already been provided to EBSA, (2) the Subpoena seeks personal and confidential documents which are not relevant to any legitimate investigation, and (3) the Subpoena is overly broad and vague.

## II. ANALYSIS

The Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410 ("RFPA"), permits challenges by customers of financial institutions to government subpoenas. 12 U.S.C. § 3410(a).  The RFPA was enacted by congress in response to the United States Supreme Court's ruling in *United States v. Miller*, 425 U.S. 435 (1976), holding that bank customers had no Fourth Amendment right to privacy for financial information held by financial institutions.  These challenge procedures constitute the sole judicial remedy available to customers who oppose the disclosure of their financial records pursuant to the RFPA. 12 U.S.C. § 3401 et seq., 12 U.S.C. § 3410(e).

Pursuant to 12 U.S.C. § 3410(a), a customer of a financial institution "may file a motion to quash an administrative summons or judicial subp[o]ena, or an application to enjoin a Government

authority from obtaining financial records pursuant to a formal written request" within "ten days of service or within fourteen days of mailing" of said summons or subpoena, with "copies served upon the Government authority." 12 U.S.C. § 3410(a).  The Supreme Court has held that "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements." *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984).  The court must deny the motion if it "finds that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry[.]" 12 U.S.C. § 3410(c).  There are only three grounds on which a district court may quash a subpoena under the RFPA: (1) the government's inquiry is not a legitimate law enforcement inquiry, (2) the financial records sought are not relevant to a legitimate law enforcement inquiry, or (3) the government has not substantially complied with the customer notice requirements of the statute. *Sandsend Fin. Consultants v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989).

In the case at bar, Ward has only invoked the second ground under the RFPA: that the EBSA's inquiry seeks documents not relevant to its investigation.  She bears the initial burden of proving this. *Rodriguez v. Soc. Sec. Admin,* 2014 WL 2960539 at * 3 (E.D. Cal. June 30, 2014). Ward argues that the documents are not relevant to any legitimate investigation related to the Chimes Plan because the documents would only "reflect Ms. Ward's payment of personal taxes, credit card payments, miscellaneous office expenditures, and income from sources wholly unrelated to the Chimes Plan." Motion at p. 5.  However, "[f]or purposes of an administrative subpoena, the notion of relevancy is a broad one." *Sandsend*, 878 F.2d at 882.  "An agency 'can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not.'" *Id.* (quoting *United States v. Morton Salt Co.,* 338 U.S. 632, 642 (1950)).  "So long as the material

3

requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Id.* (internal citations and quotations omitted).

Using this notion of "relevance," the requested documents are relevant to EBSA's legitimate law enforcement inquiry. The Secretary of Labor has broad authority to conduct investigations to determine whether any person has violated or is about to violate any provision of the Title I of ERISA or any regulation or order issued thereunder. 29 U.S.C. § 1134(a)(1). As a trustee, Ward was a fiduciary under ERISA. 29 U.S.C. § 1002(14)(A) and (B) and (21). Under 29 U.S.C. § 1106, certain transactions between a plan, a fiduciary and a party in interest are strictly prohibited. Siamack Gharanfoli, the senior investigator with EBSA, has testified that one part of the investigation into the Chimes Plan was whether any fiduciary received any benefit from any party dealing with the Plan in connection with a transaction involving Plan assets. See Exh. 2 to Defendant's Response at ¶ 2. Mr. Gharanfoli further testified that the investigation into the Chimes Plan lead the EBSA to believe that Ward deposited fees paid to her by the Plan into an account at Boston Private Bank and that she made payments from a Boston Private Bank account to FCE, the Plan's third party administrator and a party in interest. EBSA points out that Ward does not dispute that she made payments directly to FCE from this account for administrative and personnel expenses. The Court finds that EBSA's inquiry is a legitimate law enforcement inquiry to investigate whether Ward has violated her fiduciary responsibilities under ERISA. *See Schwab v. United States Dept. of Labor*, 1990 WL 98278 at * 2 (W.D. Mo. June 29, 1990) (holding that CEO's personal records were relevant to DOL's ERISA investigation of the plan because he was party in interest and fiduciary with respect to the plan); *R.R. Pennington v. Donovan*, 574 F. Supp. 708, 709-10 (S.D. Tex. 1983) (holding that records concerning certificates of deposit owned by plan and private

4

individuals were relevant to law enforcement inquiry under ERISA); *Donovan v. U.A. Local 38 Plumbers and Pipe Trades Pension Fund of San Francisco*, 569 F. Supp. 1488, 1490 (N.D. Cal. 1983) (holding that trustees were required to produce financial records where inquiry was to determine whether trustees used pension fund assets in violation of ERISA).

In addition to arguing the Subpoena seeks irrelevant documents, Ward also contends it is overly broad and vague, and seeks documents DOL already has. These considerations are not relevant under the RFPA, but rather are only relevant when a government agency seeks judicial enforcement of a subpoena outside the context of the RFPA. *See Collins v. Commodity Futures Trading Comm'n*, 737 F. Supp. 1467, 1480-81 (N.D. Ill. 1990) (court cannot consider whether agency already has the information or whether other alternatives might yield that information); *Ruggles v. SEC*, 567 F. Supp. 766, 767-68 (S.D. Tex. 1983) (fact that movant had previously produced documents pursuant to earlier subpoena not a basis to quash the pending subpoena to bank). Because Ward is not a respondent to the Supboena in question, her sole remedy in this case is under the RFPA, and as noted earlier, the limited role of the Court in such cases is to determine whether (1) there is a legitimate law enforcement inquiry, (2) are the subpoenaed bank records relevant to the inquiry, and (3) has the government agency complied with the requirements of the RFPA. *Sandsend*, 878 F.2d at 882; *Collins*, 737 F. Supp. at 1481. Because the Court has determined that the requested documents are relevant to the Subpoena is relevant to the EBSA's investigation, the Motion to Quash must be denied under 12 U.S.C. § 3410(c).

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Protection (Dkt. No. 1).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of September, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE